UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LAPRA PRADIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> A. BECERRA, et al., <br><br> Defendants. | Case No. 1:20-cv-01348-JLT (PC) <br><br> **ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE** <br><br> (Doc. 1) <br><br> 21-DAY DEADLINE |

Carl Lapra Pradia, Jr., alleges the defendants used excessive force against him and provided him inadequate medical attention. (Doc. 1.) The Court finds that Plaintiff's complaint states cognizable claims of deliberate indifference to serious medical needs against Defendants Becerra and Davis, but its remaining claims are not cognizable. Accordingly, the Court directs Plaintiff to file a first amended complaint curing the deficiencies identified in this order or a notice that he wishes to proceed only on the claims found cognizable.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims stem from incidents at Substance Abuse Treatment Facility and State Prison, Corcoran. (*See* Doc. 1 at 1.) Plaintiff names the following individuals as defendants: Correctional Officers Becerra and Davis; Correctional Lieutenants Canales and Tyler; Correctional Sergeant Frazier; and Warden Sherman. (*Id.* at 1-4.)

On an unspecified date, Plaintiff alleges that Correctional Officer Almanza opened his cell door to provide him lunch; but when Plaintiff reached his hand out to retrieve the meal, Almanza closed the door on his hand. (*Id.* at 5.) Plaintiff states that he "screamed for the officer . . . to open the door" and that Almanza could "clearly see[ ]" that his hand was stuck, but the officer simply "laugh[ed] at [him] . . . and turned away." (*Id.* at 6.) Thereafter, Plaintiff alleges that Correctional Officers Becerra and Davis refused to allow him to "go to medical" or to call medical personnel, which caused Plaintiff's injury to worsen and made him "suffer[ ] all night." (*Id.* at 7.) Plaintiff states that the officers only provided him with an ice pack. (*Id.*)

## IV. DISCUSSION

**A. Excessive Force**

The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for*

| | |
|---|---|
| 1 | punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, |
| 2 | 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is |
| 3 | simply not part of the penalty that criminal offenders pay for their offenses against society." |
| 4 | *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted). |
| 5 | A correctional officer engages in excessive force in violation of the Cruel and Unusual |
| 6 | Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, |
| 7 | and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith |
| 8 | effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). Thus, |
| 9 | "whenever prison officials stand accused of using excessive physical force . . . , the core judicial |
| 10 | inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or |
| 11 | maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In |
| 12 | making this determination, courts may consider "the need for application of force, the relationship |
| 13 | between that need and the amount of force used, the threat reasonably perceived by the |
| 14 | responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. |
| 15 | Plaintiff states a potentially viable excessive force claim. He alleges that Officer Almanza |
| 16 | shut a cell door on his hand and refused to open it, instead laughing and turning away. (Doc. 1 at |
| 17 | 5-6.) Liberally construing his allegations, Plaintiff implies that the officer did not use force to |
| 18 | maintain security but solely to cause harm. |
| 19 | Plaintiff, however, fails to link any of the defendants to his claim. He does not name |
| 20 | Almanza as a defendant, and he provides no facts showing that the remaining defendants were in |
| 21 | any way involved in the incident of alleged excessive force. Plaintiff notes that Lieutenant Tyler |
| 22 | is a "602 interviewer." (*Id.* at 1.) However, it is unclear what Plaintiff means by this, since he |
| 23 | provides no additional facts concerning Tyler. To the extent that Plaintiff challenges the |
| 24 | processing of an administrative grievance, the Court notes that "inmates lack a . . . constitutional |
| 25 | entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th |
| 26 | Cir. 2003) (citation omitted). |
| 27 | It appears that Plaintiff names Lieutenant Canales, Sergeant Frazier, and Warden Sherman |
| 28 | as defendants simply because they held supervisory positions. However, section 1983 does not |

impose liability on a supervisor merely because his subordinate has violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 676-77. To impose individual liability under section 1983, a plaintiff must allege specific misdeeds that each defendant committed, rather than the misdeeds of those he supervised. *See id.*

**B. Deliberate Indifference**

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. . ." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical need is two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the

prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

Plaintiff states cognizable claims of deliberate indifference against Defendants Becerra and Davis. The injury to his hand is one that a reasonable patient would find worthy of comment or treatment. Liberally construed, Plaintiff's allegations show that these officers knew of his injury but refused to provide him medical attention for several hours, only providing him an ice pack. (*See* Doc. 1 at 7.) These allegations are sufficient to state a deliberate indifference claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678.

Plaintiff fails to link the remaining defendants to his claim. He does not once mention Canales, Frazier, Sherman, or Tyler in his factual allegations, let alone show that these defendants were involved in the alleged deprivation of adequate medical care.

### C. State-Law Claims

"California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the California Victim Compensation and Government Claims Board . . . no more than six months after the cause of action accrues." *Lopez v. Cate*, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2). "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." *Id.* (internal quotation marks and citations omitted). The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the

6

Prison Litigation Reform Act ("PLRA"). *McPherson v. Alamo*, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing *Parthemore v. Col*, 221 Cal. App. 4th 1372, 1376 (2013)).

Plaintiff appears to raise claims under California state law, including the Bane Act. (*See* Doc. 1 at 6, 8.) However, Plaintiff does not allege that he presented a claim to the California Government Claims Program (the successor to the Victim Compensation and Government Claims Board) within six months of the incidents underlying this action. Thus, Plaintiff's state-law claims, to the extent he raises any, are not cognizable. *See Harris v. Escamilla*, 736 F. App'x 618, 621 (9th Cir. 2018) (affirming dismissal of state-law claim because plaintiff did "not allege[ ] that he submitted an administrative claim before bringing . . . lawsuit, as required by the Government Claims Act") (citation omitted).

## V. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's complaint states cognizable claims of deliberate indifference against Defendants Becerra and Davis, but his remaining claims are not cognizable. Because he may be able to cure the deficiencies in his pleading, the Court grants Plaintiff leave to amend. **Within 21 days** of the date of service of this order, Plaintiff shall to file a first amended complaint curing the deficiencies identified herein or, in the alternative, notify the Court that he wishes to proceed only on the claims found cognizable. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, a first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;

7

2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** from the date of service of this order, Plaintiff shall file **one of the following three items**:
   a. a first amended complaint curing the deficiencies identified in this order, or
   b. a notice that he does not wish to file a first amended complaint and instead wishes to (1) proceed only on his deliberate indifference claims against Defendants Becerra and Davis and (2) dismiss the remaining claims and defendants, or
   c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: **May 6, 2021**  _____ **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE